IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 DEC 30 PM 4: 18

CLERK-ALBUQUERQUE

NICOLAS VIDAL-BARRAZA,

Petitioner,

vs.                                                       CIVIL NO. 04-0310 RB/WDS
                                                                            JH

JOHN ASHCROFT, Attorney General

Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, filed on March 12, 2004 in the United States District Court, District of New Mexico.[2] (Docket #6 within the original file received from the District of Arizona) Petitioner Nicolas Vidal-Barraza challenges the decision of the Immigration Court in Eloy, Arizona that he be removed from the United States as

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2]The petition was originally filed in the District of Arizona, where Petitioner was incarcerated. Petitioner was transferred to a prison in New Mexico, and the file was transferred to this court on March 12, 2004.

1

an alien who has been convicted of an aggravated felony and a controlled substance offense. Respondent has filed an answer (Docket #5) and Petitioner has filed a reply. (Docket #6)

Petitioner asserts that the Immigration Court erred by considering him an alien rather than a United States National as defined by 8 U.S.C. § 1102(a)(22). Petitioner claims that he should be considered a national because he applied for United States citizenship in 1995. Petitioner also argues that he was not advised by the Immigration Court that he was eligible for a waiver of removal. He alleges that this failure deprived him of due process such that the order of removal should be vacated.

Respondent raises several defenses in opposition to the petition. The first is that this court lacks jurisdiction to hear Petitioner's claim. The second is that Petitioner has not exhausted his administrative remedies. Substantively, Respondent argues that Petitioner is not a citizen and is not eligible for citizenship. Respondent also takes the position that any failure on the part of the immigration judge to advise Petitioner of the availability of a discretionary waiver does not rise to the level of a constitutional violation.

**Background**

The Petitioner is a native and citizen of Mexico. On or about November 15, 1989, he was adjusted to lawful permanent resident status. On November 15, 1995, Petitioner filed a form N-400 with the Immigration and Naturalization Service. On April 27, 2000 Petitioner was scheduled to appear for an interview on his N-400 application. Petitioner failed to appear and his application was denied on May 10, 2000.

On February 1, 2002 Petitioner was arrested while trying to cross the border from Mexico into the United States. Border agents discovered 10.69 pounds of cocaine in the vehicle Petitioner was driving. On June 25, 2002 Petitioner was convicted of possession of cocaine with intent to distribute,

2

a Class B felony, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(ii)(II). The Immigration and Naturalization Service served Petitioner with a Notice to Appear in Immigration Court. The Immigration Court ultimately ruled that Petitioner was subject to removal from the United States because he was an alien who had been convicted of an aggravated felony and a controlled substance offense. (Op pg 4) The Immigration Court rejected Petitioner's claim that was not an alien, but a United States national. The court ruled that the mere filing of an application for citizenship did not change Petitioner's status from alien to national. Petitioner filed an appeal which was denied by the Board of Immigration Appeals on June 27, 2003.

Petitioner's original petition for habeas corpus was filed in United States District Court, District of Arizona, on August 5, 2003. The court construed the petition as a claim by Petitioner that he is a citizen of the United States. The court ruled that under 8 U.S.C. § 1252(b)(5) the court of appeals retained exclusive jurisdiction to review a criminal alien's claim that he is a national of the United States. On January 28, 2004 the district court transferred the petition to the Ninth Circuit Court of Appeals for consideration of Petitioner's citizenship claims.[3] On March 5, 2004 Ninth Circuit Appellate Commissioner Peter L. Shaw entered an order acknowledging receipt of Petitioner's original petition for writ of habeas corpus. The commissioner found that the Ninth Circuit Court of Appeals lacked the jurisdiction to consider a habeas corpus petition as an original matter and transferred the petition to the District of New Mexico. The order entered by the Ninth Circuit did not address the substance of the original order directing that the matter be transferred to the Ninth Circuit.

---

[3] Had the district court dismissed the petition for lack of jurisdiction, a subsequently filed appeal to the 10th Circuit would have been time barred. The district court specifically found that transfer of the file to the 10th Circuit was "in the interest of justice" to avoid such an outcome.

## DISCUSSION

### Jurisdiction of the Court

Respondent raises various jurisdictional defenses to the petition. Respondent cites 8 U.S.C. § 1252(b)(5)(A) for the proposition that petitioner is limited to presenting his citizenship claim to the court of appeals, with the court of appeals either deciding the case or transferring the matter to district court if a genuine issue of material fact is presented. It is far from clear that this is the case based upon the Supreme Court's ruling in *Immigration and Naturalization Service v. Enrico St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001). In *St. Cyr*, the court found that "judicial review" and "habeas corpus" have historically distinct meanings in the immigration context, and ruled that habeas jurisdiction under § 2241 was not repealed by 8 U.S.C. §1252. 533 U.S. at 312 and 314.

It will not be necessary for this court to resolve the question of jurisdiction, however. The federal transfer statute, 28 U.S.C. § 1631 provides, in relevant part, that a court lacking jurisdiction "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]" In weighing "the interest of justice," a court "is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)(citation omitted); see also, e.g., *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)("If limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed--the court that does not have jurisdiction--should dismiss the case rather than waste the time of another court."); *Charles v. Rice*, 28 F.3d 1312, 1323 (1st Cir. 1994)(declining to transfer case to Court of Federal Claims when to do

4

so "would be to no avail"). A peek at the merits of the instant petition is sufficient to convince the Court that the interests of justice are served by considering the merits of petitioner's claim rather than by transferring the petition for a third time to yet a different court.

## Is Petitioner an Alien or a United States National

Petitioner's argument is straightforward. Notwithstanding his conviction for an aggravated felony, which petitioner does not contest, petitioner argues that he is not subject to removal from the United States because he is a United States national, not an alien. Only aliens are removable. 8 U.S.C. § 1227. Petitioner claims he should be considered a United States national because, prior to his conviction, he applied to become a naturalized citizen. Petitioner acknowledges that he was never sworn in as a citizen. His application for citizenship was denied on May 10, 2000 after he failed to appear for an interview on April 27, 2000. Petitioner notes that a "national" is defined by 8 U.S.C. § 1102(a)(22) as (a) a citizen of the United States or (b) a person who, though not a citizen of the United States, owes permanent allegiance to the United States. Petitioner claims that his application for citizenship is proof that he owes permanent allegiance to the United States.

Petitioner cites *Hughes v. Ashcroft*, 255 F.3d 752 (9th Cir. 2001) to support his argument. Leszek Hughes was a native of Poland, born in 1956, who was adopted by two American citizens in 1960. His parents did not have him naturalized and Petitioner never initiated proceedings on his own. Id. at 755. Hughes, like Petitioner, was convicted of an aggravated felony. He served twelve years in prison and was then subject to removal proceedings. On February 10, 1998 an immigration judge ordered his removal from the United States. *Id.* Hughes, like petitioner, challenged his removal by claiming that he was a national of the United States, not an alien. Hughes argued that he should be considered to be a national due to the length of his residency in the United States, his lack of

5

allegiance to Poland, his allegiance to the United States, and the fact that Poland did not consider him a citizen.

The Ninth Circuit rejected Hughes' arguments, specifically noting that Hughes was not a citizen and had never applied for citizenship. The *Hughes* court cited *United States v. Morin*, 80 F.3d 124, 126 (4th Cir. 1996) for the proposition that a non-citizen resident of the United States must have applied for citizenship in order to qualify as a national. However, the court also noted that the Ninth Circuit had not "definitively" settled on the meaning of the term "national" in the context of 8 U.S.C. § 1101. 255 F.3d at 756.

In *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964 (9th Cir. 2003) *cert. denied*, 157 L. Ed. 2d 887, 124 S. Ct. 1041 (2004) the Ninth Circuit revisited the issue of whether a mere application for citizenship sufficed to change the status of an alien to United States national. Perdomo-Padilla, like Petitioner, was a Mexican national who attained the status of permanent resident alien. On July 26, 1997, Perdomo-Padilla filed an application for naturalization. In January 1999 he was arrested on a drug charge[4]. In January 2001 the Immigration and Naturalization Service (INS) initiated removal proceedings and obtained an order of removal. Perdomo-Padilla, like Petitioner, appealed the removal order, citing the court's earlier opinion in *Hughes*.

Since the alien in *Hughes* had not applied for citizenship, the court's suggestion that such an application would have qualified him as a United States national was nothing more than dicta. The Ninth Circuit thoroughly considered the question in *Perdomo-Padilla* and came to a different

---

[4] It appears that Perdomo-Padilla's application for naturalization was still pending at the time of his arrest. Petitioner's application had already been denied some time before he was arrested. Under the test suggested in *Hughes* this might have been a point of distinction between the two cases. Given the opinion of the court in *Perdomo-Padilla* it is not a significant difference.

6

conclusion from that in *Hughes*. The court recognized that traditionally, a "National of the United States" was a person born in a territory of the United States. 333 F.3d at 967. The court also noted that the Supreme Court had implicitly accepted the traditional view that "nationals" are non-citizen residents of U.S. territories. See *Miller v. Albright*, 523 U.S. 420, 467 n.2, 118 S. Ct. 1428, 140 L. Ed. 2d 575 (1998) (noting in dicta that distinction between "citizen" and "national" "has little practical impact today," because "the only remaining noncitizen nationals are residents of American Samoa and Swains Island"). Cf. *Hampton v. Mow Sun Wong*, 426 U.S. 88, 90 n.1, 48 L. Ed. 2d 495, 96 S. Ct. 1895 (1976) (noting that Civil Service Commission construes "national" to cover only natives of American Samoa).

Accordingly, two years after suggesting in *Hughes* that an alien could be considered a United States national after applying for citizenship, the Ninth Circuit ruled conclusively that mere application for citizenship was not sufficient to change the status of a resident alien. A number of other courts have reached the same conclusion. *See, Oliver v. U.S. Dep't of Justice, Immig. and Naturalization Serv.*, 517 F.2d 426, (2d Cir. 1975); *Salim v. Ashcroft*, 350 F.3d 307, (3d Cir. 2003); *Laguna v. DOJ*, 333 F. Supp. 2d 748, (N.D. Ill. 2004). This court finds that Petitioner was properly classified as a resident alien, that Petitioner was not at any time a United States national; and that it was not error for the immigration court to order his removal from the United States following his conviction for an aggravated felony.

## Was Petitioner Denied Due Process

Petitioner also claims he was denied due process when the Immigration Judge failed to advise him that he was eligible for a discretionary waiver of deportation. There is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible.

7

*United States v. Aguirre-Tello*, 353 F.3d 1199, 1205 (10th Cir. 2004). Further, Petitioner appears to be referring to discretionary relief from removal under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1995). That provision was repealed in 1996 by the Illegal Immigrant Reform and Immigrant Responsibility Act (IIRIRA). Discretionary relief was not available to Petitioner at the time of his removal proceedings in 2003.

## Conclusion

Petitioner is a resident alien convicted of a crime that qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). The fact that he applied for citizenship at some time does not change his status from alien to United States national. Petitioner is removable under 8 U.S.C. § 1227.

**W. DANIEL SCHNEIDER**
United States Magistrate Judge